**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Joel Briggs,

        Plaintiff,

v.

The Village of Greenhills Ohio,

        Defendant.

CASE NO.  1:05cv44

Judge Michael R. Barrett

## ORDER

This matter is before the court upon the Magistrate's Report and Recommendation (Doc. 70) that the Defendant's motion for summary judgment be granted (Doc. 20), Plaintiff's *pro se* motion for summary judgment (Doc. 19) be denied, that Defendant's motion for sanctions be denied (Docs. 29, 51), Defendant's motion to amend scheduling order (Doc. 37) be denied as moot, Plaintiff's many motions (Docs. 13, 18, 38, 50, 54, 55, 57, 61, 63, 68) filed subsequent to Plaintiff's motion for summary judgment be denied as moot and Plaintiff's motion for reconsideration of the dismissal of his appeal (Doc. 59) be denied.

Plaintiff objects to the Report and Recommendation and requests for Plaintiff's summary judgment be granted (Doc. 73).  Defendant filed a response to Plaintiff's objections (Doc. 76) to which Plaintiff replied (Doc. 77).

For the reasons set forth below, the Report and Recommendation of the Magistrate Judge is hereby ADOPTED.  Plaintiff's subsequent Motion for Summary Judgment (Doc. 78) and Defendant's Motion to Stay the Motion for Summary Judgment (Doc. 80) are denied as MOOT.

I.     Background

On May 18, 2004, Mr. Briggs was observed by a Village of Greenhills Police Officer to be traveling 52 mph in a 35 mph hour zone within the jurisdiction of the Village of Greenhills. Mr. Briggs was stopped within a short distance but within the Springfield Township, not within the jurisdictional limits of the Village of Greenhills. Mr. Briggs was cited for a violation of Section 333.03 of the Village of Greenhills Municipal Code. (Doc. 20, Aff. of Off. Dean, Exh. 1).

On June 22, 2004, Mr. Briggs appeared in the Village of Greenhills Mayor's Court. Mr. Briggs contested the speeding ticket because he was pulled over outside of the jurisdictional limits of the Village of Greenhills. The Mayor's Court found this argument to be without merit and found Mr. Briggs guilty of speeding in violation of Section 333.03 and ordered him to pay $120. (Doc. 20, Aff. of Forbes, Exh. 2). Mr. Briggs signed a Review, Waiver & Release memorializing the conviction. (Doc. 1, Exh. A).

On or about July 1, 2004, the Village of Greenhills sent a letter to Mr. Briggs reminding him of his right to appeal and that his $120 fine was due by July 27, 2004. The letter also stated that if the fine was not paid a warrant would be issued for Mr. Briggs arrest. (Doc. 20, Aff. of Forbes, Exh. 2).

Mr. Briggs failed to appeal or pay the fine by July 27, 2004 and on August 5, 2004 a warrant was issued for Mr. Briggs arrest for failure to pay the fine. The clerk of court sent Mr. Briggs a letter advising him of the warrant. (Doc. 20, Aff. Of Forbes, Exh. 2; see also Doc. 1, Exh. C).

On or about October 1, 2004, Mr. Briggs sent and the Village of Greenhills counsel received a letter requesting the Village of Greenhills to "erase" his name and conviction from the Village of Greenhills' records. (Doc. 1; see also Doc. 20, Exh. 2-E).

On December 15, 2004, Mr. Briggs was arrested by a Sharonville police officer on the capias issued by the Mayor's Court. On the date of arrest, Mr. Briggs paid the fine of $120 and was immediately released. (Doc. 20, Aff. of Forbes, Exh. 2; see also Doc. 1, Exh. D).

Mr. Briggs brings this action alleging defamation, slander, pain and suffering, a violation of his constitutional right of privacy and that he was unconstitutionally arrested (Doc. 1 at 3). Mr. Briggs seeks $5 million in damages.

II.     Arguments

Mr. Briggs argues that because the Review, Waiver and Release states that he was convicted of the offense of 'speed' rather than 'speeding' and the offense does not include the ordinance section title and the exact miles per hour that he was traveling over the speed limit that he did not violate any ordinance of the Village of Greenhills. He further argues that because he was pulled over outside the jurisdictional limits of the Village of Greenhills that the Village of Greenhills lacks any authority to issue the speeding citation. Finally, he argues he was unconstitutionally arrested, handcuffed and searched, because he alleges the Review, Waiver and Release is evidence that he did not violate an ordinance of the Village of Greenhills. Plaintiff also asserts that there is diversity jurisdiction because the amount in controversy is over $75,000 and the plaintiff and defendant are both 'citizens.'

In response, the Village of Greenhills argues that because the court does not have jurisdiction over the unlawful citation claim or the defamation claim that it should not review those issues. However, if the Court does find jurisdiction, the Village of Greenhills argues that because the Plaintiff was originally observed by the Village of Greenhills Police Officer within the Village of Greenhills jurisdiction that the Village of Greenhills had the authority to issue the citation, that Plaintiff was properly convicted in Mayor's Court of violating ordinance section 333.03, that the offense was properly indicated on the citation issued to the Plaintiff and that the Review, Waiver and Release is verification of the Plaintiff's conviction. (Doc. 21). The Village of Greenhills also argues that because the Plaintiff simply reiterates his arguments and alleges no additional specific facts in support of unconstitutional arrest claim or for a 42 U.S.C. sec. 1938 claim that the Magistrate's Report and Recommendation should stand. Finally, The Village of Greenhills argues that the court does not have jurisdiction over the Plaintiff's state law claims of unlawful citation or defamation because (1) the court does not have subject matter jurisdiction over the Plaintiff's state law claims; (2) they do not involve a federal claim over which the court has original jurisdiction; (3) Plaintiff fails to establish a claim for relief under section 1983; and (4) Plaintiff failed to present facts or evidence sufficient to establish a violation of his constitutional rights. Additionally, the Village of Greenhills argues that the court does not have diversity jurisdiction as both the Plaintiff and Defendant are citizens of the same state. Finally, the Village of Greenhills argues the court does not pendent jurisdiction over the citation and defamation claims, because the Plaintiff's claim of an unconstitutional arrest does not have substance sufficient to confer subject matter jurisdiction on to the court.

III.    Analysis

When objections are received to a magistrate judge's Report and Recommendation on a dispositive matter, the assigned district judge "shall make a de novo determination...of any portion of the magistrate judge's disposition to which specific written objection has been made...." Fed. R. Civ. P. 72(b).  After review, the district judge "may accept, reject or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." *Id; see also* 28 U.S.C. 636(b)(1)(B).  General objections are insufficient to preserve any issues for review; "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object."  *Howard v. Secretary of Health and Human Services,* 932 F.2d 505, 509 (6th Cir. 1991).

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).  Once the movant has met this initial burden, the non-movant cannot rest on its pleadings, but must show that there is a genuine issue for trial.  *Id.* at 324.

    A.    42 U.S.C. Section 1983

The Plaintiff has failed to present any facts or evidence sufficient to establish a claim for relief under 42 U.S.C. § 1983. To establish a claim for relief under 42 U.S.C.§ 1983 against a municipality requires the, "allegation that official policy is responsible for a deprivation of rights protected by the Constitution." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978), see also *Bd. of the County Comm'rs v. Brown*, 520 U.S. 397, 403

5

(1997) (The claimant must, "identify a municipal 'policy' or 'custom' that caused the plaintiff's injury," and the claimant must demonstrate that the must also demonstrate that the municipality,"through its deliberate conduct... was the 'moving force' behind the injury alleged.)

The Plaintiff has failed to allege any facts or present evidence that any injuries he suffered were the result of unconstitutional policies or customs of the Defendant. The Plaintiff was arrested for failure to pay a fine for which he was convicted and was released immediately after he was processed and payment was made.

      B.      Constitutional Violation Claim

The Plaintiff alleges that his right of privacy was invaded due to an unconstitutional arrest, but fails to present any evidence whatsoever in support of his claims. (Doc. 1 at 3) ("unconstitutionally handcuffed!, arrested!... and mugshotted!"). In a summary judgement motion the movant is required to present some significant probative evidence to support their claims. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (U.S. 1986) (The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.); *Sixty Ivy Street Corp. v. Alexander*, 822 F.2d 1432 (6th Cir. 1987). Unsupported allegations are not sufficient to establish Plaintiff's claims of unconstitutional conduct. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988) (unsupported assertions of legal conclusions are insufficient allegations of this material element); *Williams v. Ford Motor Co.*, 187 F.3d 533 (6th Cir. 1999).

The Plaintiff has failed to present any significant probative evidence that his constitutional rights are violated. The Plaintiff failed to pay a fine for speeding after letters had been sent from the Defendant and from the Clerk of Courts reminding him to do so. The Plaintiff was warned by the clerk of courts that a warrant was issued for his arrest. The Plaintiff was arrested for failure to pay and was released immediately after he was processed and payment was made. The Plaintiff has failed to present any probative evidence that he was, "unconstitutionally handcuffed!, arrested!... and mugshotted!"

      C.    Jurisdiction Over State Law Claims

The Court does not have subject matter jurisdiction over the Plaintiff's state law claims alleging an unlawful speeding citation or resulting defamation, because the claims do not involve a federal claim over which the court has original jurisdiction.

The Court does not have diversity jurisdiction, because the Plaintiff and Defendant are citizens of the same state. Under 28 U.S.C. § 1332(a), federal court has jurisdiction, "over cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant.," thereby ensuring "complete diversity." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996), citing *State Farm Fire & Casualty Co. v. Tashire*, 386 U.S. 523, 531 (1967). Also the amount in controversy needs to exceed $75,000. *28 U.S.C. Section* 1332(a). In the absence of both of these requirements the court lacks diversity jurisdiction. *Caterpillar Inc.*, 519 U.S. at 68.

Finally, the Court declines to exercise pendant jurisdiction over the state law claims, because the Plaintiff's federal law claim of an unconstitutional arrest does not

7

have substance sufficient to warrant the court to exercise pendent jurisdiction on the state law claims. In order for a court to exercise pendent jurisdiction the "federal claim must have substance sufficient to confer subject matter jurisdiction on the court." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966), citing *Levering & Garrigues Co. v. Morrin*, 289 U.S. 103 (1933); see also 28 U.S.C § 1367(a) ("In any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."); see also *City of Chi. v. Int'l College of Surgeons*, 522 U.S. 156, 173 (1997) (Depending on a host of factors... the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims -- district courts may decline to exercise jurisdiction over supplemental state law claims.) Plaintiff is unable to allege any facts or present any evidence sufficient to support his claim of an unconstitutional arrest.

    IV.    Conclusion

Thus, for the reasons set forth above the Report and Recommendation of the Magistrate Judge is hereby ADOPTED, in its entirety. Plaintiff's subsequent Motion for Summary Judgment (Doc. 78) and Defendant's Motion to Stay the Motion for Summary Judgment (Doc. 80) are denied as MOOT. The Clerk of Court is directed to CLOSE this case and remove it from the docket of this Court.

**IT IS SO ORDERED**.

> s/Michael R. Barrett
> Michael R. Barrett, Judge
> United States District Court